### CINCINNATI TRACTION CO. v. JAMES JAMISON.

1. ANSWER NOT AVERRING CONTRIBUTORY INSTRUCTION UPON SUCH DEFENSE IS ERRONEOUS.

    An instruction upon contributory negligence, or expressing an opinion as to the amount of evidence tending to prove contributory negligence, is improper in the absence of an averment of contributory negligence in the answer or evidence offered by defendant in support of such theory.

2. ANSWERS BY MOTORMAN IN RESPONSE TO QUESTIONS OF THE CAUSE OF ACCIDENT ARE NOT PART OF RES GESTAE.

    What a motorman said immediately after an accident, not voluntarily and spontaneously, but in answer to questions by witnesses of the accident as to why he did not stop his car, is not a part of the res gestae and therefore not admissible in evidence.

3. ORDINARY CARE IS REQUIRED OF MOTORMAN WHETHER RUNNING IN SAME DIRECTION ON RIGHT OR LEFT TRACK.

    While a motorman may be required to exercise more care when running in the same direction on the left hand track than when running on the right hand track, yet it is still only ordinary care that can be required of him.

Traction Co. v. Jamison.

ERROR to common pleas court.

*Kinkead & Rogers*, for plaintiff in error.

*J. T. Rhyno* and *Walter M. Locke*, for defendant in error.

The defendant in error recovered a verdict of $257.47 for injury to his horse and buggy in a collision with a traction car on College Hill. The petition alleged that the horse was frightened and uncontrollable at the time of the accident, that the motorman saw or could have seen the peril in which the plaintiff was placed in ample time to have stopped the car, and that the situation was further complicated by the fact that a down car was running on the up track.

## GIFFEN, P. J.

There can be no burden of proof of any issue not raised by the pleadings nor by the evidence. The defendant offered no evidence tending to prove contributory negligence, nor did the answer contain any such defense. The court therefore erred in charging upon the subject of contributory negligence. It was also error to express the opinion "that there is little, if any, evidence tending to show that there was any contributory negligence on the part of the plaintiff." If there was in fact none it would have been proper to so instruct the jury; but while a doubt existed, it was a question for the jury and not for the court.

Witnesses were permitted to testify to declarations of the motorman in answer to questions put to him by the plaintiff and a bystander after the accident, to wit: "Why didn't you stop the car?" He says, "I could not stop the car." He says, "The brake would not work." And again: "The motorman he said the brake didn't work. We asked him why he didn't stop. He says the brake didn't work, he could not stop."

These are not voluntary and spontaneous declarations characterizing the transaction, but constitute the motorman's version of a past occurrence, given under pressure by the witnesses. The numerous cases cited by counsel for defendant in error undoubtedly show a tendency to relax the rule of evidence in

22 O. C. C. Vol. 32.

Hamilton County.

like cases, but none of them goes so far as to hold that such declarations made under such circumstances are a part of the res gestae and therefore admissible.

The court erred in defining the term "burden of proof."

It is also urged that the court erred in charging the jury that a motorman should exercise more care in running the car on the left hand side of the road, than if running on the right hand side. Under the pleadings and evidence of this case, the horse being already frightened and beyond the control of the driver, the motorman could not anticipate that the horse would be liable to turn one way more than another and especially that he would attempt to pass the car on the side next to a steep embankment and where there was no room to pass. If the motorman in the exercise of ordinary care saw the peril of horse and driver, his duty to have his car under control and if necessary stop it, arose not from running on the left side of the road, but the unmanageable and perilous condition of the horse and driver. Under certain circumstances the motorman would perhaps be required to exercise relatively more care in using the left hand track than if using the right hand track; but it would still be only ordinary care, and we think the jury so understood the instruction. The error, if any, was harmless.

The judgment will be reversed and the cause remanded for a new trial.

**Smith** and **Swing, JJ.,** concur.